**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LARRY EUGENE LOOMIS,

      Petitioner,                        Civil No. 2:12-CV-11200
                                           HONORABLE ARTHUR J. TARNOW
v.                                     UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

      Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Larry Eugene Loomis, ("petitioner"), presently confined at the Saginaw

Correctional Facility in Freeland, Michigan, has filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for two

counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(b); and one count

of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(b).  Respondent has

filed a motion for summary judgment, contending that petitioner has failed to comply

with the statute of limitations contained in 28 U.S.C. § 2244(d)(1).  Petitioner has not

filed a response to the motion.  For the reasons stated below, petitioner's application for

a writ of habeas corpus is **SUMMARILY DISMISSED**.

**I.  Background**

Petitioner pleaded *nolo contendere* to the above offenses in the Saginaw County

Circuit Court.  On May 23, 2007, petitioner was sentenced to 18 years 9 month to 50

1

*Loomis v. Rapelje,* 2:12-CV-11200

years in prison on the first-degree criminal sexual conduct charges and 10 to 15 years

in prison on the second-degree criminal sexual conduct charge.

Petitioner never filed a direct appeal from his conviction.  On February 11, 2011,

petitioner filed a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with

the Saginaw County Circuit Court.  After the trial court and the Michigan Court of

Appeals denied petitioner's post-conviction application, the Michigan Supreme Court

denied petitioner's application for leave to appeal the denial of post-conviction relief on

December 28, 2011. *People v. Loomis,* 490 Mich. 972, 806 N.W.2d 524 (2011).  The

instant petition was signed and dated March 14, 2012.

## II.  Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one  year

statute of limitations shall apply to an application for writ of habeas corpus by a person

in custody pursuant to a judgment of a state court.  The one year statute of limitation

shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).

*Loomis v. Rapelje,* 2:12-CV-11200

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001).

The Court must initially determine when petitioner's conviction became "final", in order to determine when the limitations period began running. *See Williams v. Wilson,* 149 Fed. Appx. 342, 345 (6th Cir. 2005). For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter,* 35 Fed. Appx. 111, 114 (6th Cir. 2002).

Petitioner was sentenced on May 23, 2007. At the time of petitioner's conviction, petitioner had twelve months after his sentence pursuant to M.C.R. 7.205(F)(3) to file a delayed application for leave to appeal. [1] Because petitioner never filed a direct appeal from his conviction and sentence, his judgment of sentence became finalized, for the purposes of § 2244(d)(1)(A), one year after the sentencing, when the one year time limit for filing a direct appeal in the Michigan Court of Appeals expired pursuant to M.C.R. 7.205(F)(3). *See Williams v. Birkett,* 670 F. 3d 729, 731 (6th Cir. 2012). Petitioner's conviction became final on May 23, 2008. Petitioner had until May 23, 2009 to timely

---

[1] In June of 2011, M.C.R. 7.205(F)(3) was amended to require that any delayed application for leave to appeal be filed with the Michigan Court of Appeals within six months of the judgment of sentence. M.C.R. 7.205(F)(3).

*Loomis v. Rapelje,* 2:12-CV-11200

file a petition for writ of habeas corpus with this Court, unless the limitations period was somehow tolled.

Petitioner filed a post-conviction motion for relief from judgment on February 11, 2011, after the one year limitations period had already expired.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003).  Therefore, petitioner's state post-conviction proceedings did not toll the running of the statute of limitations.

The Court is aware that petitioner's third and fourth claims involve allegations that the Michigan Court of Appeals, when rejecting his post-conviction appeal, abused its discretion in denying petitioner's remand for an evidentiary hearing on the ineffective assistance of counsel and sentencing guidelines issues that he raises in his first two claims in the petition.

28 U.S.C. § 2244(d)(1)(D) indicates that the one year limitations period under AEDPA begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence.  However, the factual predicate for a federal habeas claim does not include the purported errors in the state court's disposition of a state post-conviction relief motion, and thus, the one year statute of limitations would not begin to run when the Michigan Court of Appeals ruled on petitioner's state post-conviction appeal. *See Ybanez v. Johnson,* 204 F. 3d 645, 646 (5th Cir. 2000).  Moreover, as mentioned above, the statute of limitations had already

*Loomis v. Rapelje,* 2:12-CV-11200

expired when petitioner had filed his post-conviction motion for relief from judgment with the trial court.  A state court's subsequent refusal to upset a conviction "does not open a new window for federal collateral review" by resetting the federal clock under the AEDPA's limitations period. *See De Jesus v. Acevedo*, 567 F. 3d 941, 942-43 (7th Cir. 2009).  Thus, the Michigan Court of Appeals' disposition of petitioner's state post-conviction appeal did not restart the time for federal collateral review, because petitioner's state post-conviction motion had been filed after the one year limitations period had already expired. *Id.*  The instant petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue that circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. Appx. 145, 147 (6th Cir. 2007).  Petitioner claims in his petition that he did not exercise his right to file a direct appeal because his trial counsel warned petitioner that he would face a possible life sentence if he prevailed on his direct appeal.  Trial counsel's alleged warning to petitioner against filing an appeal in this case is not extraordinary circumstance that warrants equitable tolling of the limitations period, because petitioner has not shown how this prevented him from

*Loomis v. Rapelje,* 2:12-CV-11200

filing his post-conviction motion in a timely manner. *See Benshoof v. Tavanello*, 398

Fed. Appx. 365, 368 (10th Cir. 2010).

The one year statute of limitations may be equitably tolled based upon a credible

showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S.

298 (1995).  Petitioner has not asked for equitable tolling.

### III.  Conclusion

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed

unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of

the Rules Governing Section 2254 Proceedings, which was amended as of December

1, 2009, requires that a district court must "issue or deny a certificate of appealability

when it enters a final order adverse to the applicant.... If the court issues a certificate,

the court must state the specific issue or issues that satisfy the showing required by 28

U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings; *See also*

*Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

A certificate of appealability may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Courts must either issue a certificate of appealability indicating which issues satisfy the

required showing or provide reasons why such a certificate should not issue. 28 U.S.C.

§ 2253(c)(3); Fed. R.App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306,

1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show

that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were

*Loomis v. Rapelje,* 2:12-CV-11200

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S.

322, 336 (2003)(internal quotes and citations omitted).

Having considered the matter, jurists of reason would not find the procedural

ruling that the habeas petition is untimely and cannot be saved by statutory or equitable

tolling debatable.  Accordingly, the Court declines to issue petitioner a certificate of

appealability

Although this Court will deny a certificate of appealability to petitioner, the

standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a

lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,*

208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  Whereas a certificate of appealability may

only be granted if petitioner makes a substantial showing of the denial of a constitutional

right , a court may grant IFP status if it finds that an appeal is being taken in good faith.

*Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a

showing that the issues raised are not frivolous; it does not require a showing of

probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of

reason would not debate this Court's resolution of the habeas petition, the issues are

not frivolous; therefore, an appeal could be taken in good faith and petitioner may

proceed *in forma pauperis* on appeal. *Id.*

*Loomis v. Rapelje,* 2:12-CV-11200

## IV.  ORDER

For the foregoing reasons, the Court concludes that the habeas corpus petition

was filed outside the one-year limitations period prescribed in 28 U.S.C. §

2244(d)(1)(A). Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary

Judgment is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner shall be **GRANTED** leave to appeal *in

forma pauperis.*


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 6, 2012


I hereby certify that a copy of the foregoing document was served upon parties/counsel
of record on September 6, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant